**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

William H. Otis,

                Plaintiff,

v.

Philip R. Burkholder,

                Defendant.

Civ. No. 10-2155 (JNE/JJK)

**REPORT AND RECOMMENDATION**

William H. Otis, 1 Alarcon Lane, Hot Springs Village, AR 71909, *pro se*.

Joseph M. Bromeland, Esq., Wendland, Sellers, Bromeland, PA, counsel for Defendant Philip R. Burkholder

This matter is before the Court on Defendant Philip R. Burkholder's unopposed Motion for Summary Judgment. (Doc. No. 53.) The case has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and D. Minn. Loc. R. 72.1 and 72.2. For the reasons set forth below, this Court recommends that Defendant's motion be granted.

**BACKGROUND AND PROCEDURAL HISTORY**

The underlying facts of this case are set forth in this Court's previous Report and Recommendation pursuant to Defendants Harold A. Berge, Rose M. Berge, Cindy Lou Berge, and Steven Corson d/b/a Corson Law Firm's Motion to Dismiss (Doc. No. 46), which was adopted by the Honorable Joan N. Ericksen

on December 23, 2010.  (Doc. No. 60.)   Thus, this Court will not restate them here and instead begin by summarizing the relevant procedural history.

Plaintiff commenced his first action in federal court in March 2005.  (Doc. No. 56, Aff. of Joseph Bromeland ("Bromeland Aff.") ¶¶ 3-4, Exs. A and B.)  In September 2005 Plaintiff was ordered by the Honorable Michael J. Davis to obtain legal counsel, which he did.  (*Id.* ¶ 5, Ex. C.)  On January 23, 2006, Plaintiff's counsel filed an Amended Complaint that included claims for:  quiet title, fraudulent conveyance, equitable mortgage, ejectment, trespass, breach of contract, negligence, interference with Plaintiff's property rights, conversion, unjust enrichment, fraud and slander of title.  (*Id.* ¶ 7, Ex. E.)  Plaintiff's claims against Burkholder included breach of contract, negligence, and conversion of personal property.  (*Id.*)  Ultimately, Plaintiff's first federal action resulted in a dismissal *with prejudice* against Defendant Burkholder, and without prejudice against Defendants Harold A. Berge, Rose M. Berge, Cindy Lou Berge, Steven Corson d/b/a Corson Law Firm, and Irell and Daniel Knudsen.  (*Id.* ¶ 9, Ex. G.)

During the pendency of the 2005 federal action, Judge Davis ordered the parties to mediate their dispute.  (*Id.* ¶ 5, Ex. C.)  Defendant Burkholder and Plaintiff entered into a settlement agreement during the March 7, 2006 mediation session.  (*Id.* ¶ 6, Ex. F.)  There, Burkholder agreed to remit $7500 to Plaintiff in full settlement of all claims asserted against him, and Plaintiff agreed to execute a *Pierringer* release.  (*Id.*)  Plaintiff did not execute the release.  Ultimately, on October 30, 2006, Burkholder moved for an Order pursuant to Fed. R. Civ. P. 67

allowing him to deposit the $7,500 settlement amount with the Court, and for dismissal of the case against him. To that effect, Burkholder argued that Plaintiff failed to execute the release in violation of the settlement agreement. In response, Plaintiff moved for summary judgment, arguing, among other things, that he did in fact execute the *Pierringer* release. Judge Davis found, however, that Plaintiff never executed the release and instead simply attached the signature page from the settlement agreement to the end of the *Pierringer* release document. (*Id.* ¶ 9, Ex. G; *see also* 05cv489, Doc. No. 97.) Judge Davis granted Defendant's motion to deposit the settlement amount with the Court and dismissed Plaintiff's case against Defendant Burkholder with prejudice. (*Id.*) On March 30, 2007, Burkholder's counsel deposited $7,500 with the Court, and Burkholder was terminated as a defendant in that case. (*Id.* ¶ 10, Ex. H; *see also* 05cv489, Doc. No. 97 and Mar. 30, 2007 court staff notes.)

Despite Judge Davis's prior dismissal with prejudice Plaintiff has filed yet another Complaint in federal court alleging nearly identical facts and substantially similar claims against Defendant Burkholder. (Doc. No. 1.) His Complaint includes claims for: quiet title, fraudulent conveyance, ejectment, trespass, negligence, interference with Plaintiff's property rights, conversion, and unjust enrichment. (*Id.*) And just as the Amended Complaint of the first federal court action, Plaintiff's current claims against Burkholder are for breach of contract, negligence, and conversion of property. (*Id.*)

## DISCUSSION

**I.      Standard of Review**

Summary judgment is proper if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The Court must view the evidence, and the inferences that may be reasonably drawn from the evidence, in the light most favorable to the nonmoving party. *Enter. Bank v. Magna Bank of Mo.*, 92 F.3d 743, 747 (8th Cir. 1996). But as the Supreme Court has stated, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy, and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1).

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Enter. Bank*, 92 F.3d at 747. The nonmoving party must demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Krenik v. County of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995). A party opposing a properly supported motion for summary judgment "may not rest upon mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

**II.     Analysis**

Defendant Burkholder has moved to dismiss Plaintiff's claims with prejudice based on the res judicata effect of Judge Davis's dismissal with prejudice of claims against him.  Plaintiff does not oppose the motion.

Under Minnesota law, res judicata applies as an absolute bar to a subsequent claim when: (1) the earlier claim involved the same set of factual circumstances; (2) the earlier claim involved the same parties or their privies; (3) there was a final judgment on the merits; and (4) the estopped party had a full and fair opportunity to litigate the matter.  *Hauschildt v. Beckingham*, 686 N.W.2d 829, 840 (Minn. 2004).[1]  If these requirements are met, res judicata bars not only claims as to matters actually litigated, but also as to every matter that might have been litigated in the prior proceeding.  *Care Inst., Inc. Roseville v. County of Ramsey*, 612 N.W.2d 443, 447 (Minn. 2000); *Livingston v. ITT Cons. Fin. Corp.*, 795 F. Supp. 921, 923-24 (D. Minn. 1992).  Further, "[t]he doctrine of res judicata is not a mere matter of practice or procedure . . .  It is a rule of fundamental and

---

[1]     Courts in this Circuit have consistently held that the res judicata effect of a prior judgment in a diversity action is a question of substantive law controlled by state common law.  *See, e.g., Austin v. Super Valu Stores, Inc.*, 31 F.3d 615, 617 (8th Cir. 1994); *see also Ecowater Sys., LLC v. Kris, Inc.*, No. 09-785, 2010 WL 889959, at *3 (D. Minn. Mar. 8, 2010) (stating that because the counterclaims were governed by state law, Minnesota state common law of res judicata applies).  Regardless, even assuming federal law of res judicata applied to this case, Plaintiff's claims would still be barred.  Under federal law, the doctrine of res judicata bars subsequent litigation if:  "(1) the prior judgment was rendered by a court of competent jurisdiction; (2) the prior judgment was a final judgment on the merits; and (3) the same cause of action and the same parties or their privies were involved in both cases."  *Lane v. Peterson*, 899 F.2d 737, 742 (8th Cir. 1990).  These elements are satisfied here.

5

substantial justice, of public policy and of private peace, which should be cordially regarded and enforced by the courts." *Fed. Dep't. Stores, Inc. v. Moitie*, 452 U.S. 394, 394 (1981) (citing *Hart Steel Co. v. R.R. Supply Co.*, 244 U.S. 294, 299 (1917)).

Plaintiff's current action against Defendant Burkholder is precluded under the principles of res judicata because: (1) Judge Davis's 2007 dismissal with prejudice against Defendant Burkholder was a final judgment on the merits; (2) Plaintiff's previous federal court action involved the same set of factual circumstances; (3) Plaintiff's previous federal court action involved the same parties or their privies; and (4) Plaintiff had a full and fair opportunity to litigate this matter.

A comparison of Plaintiff's allegations in the first federal court action with those alleged here makes clear that Plaintiff is now attempting to relitigate the previously dismissed federal lawsuit. (*Compare* Doc. No. 1, *with* Bromeland Aff. Ex. E.)  The instant Complaint is very similar to the Amended Complaint dismissed by Judge Davis. (*Id.*)  It contains a nearly verbatim recitation of the facts underlying the Complaint, and the same claims contained in the first federal action. (*Id.*)  Importantly, all of Plaintiff's claims and allegations relate to the same piece of property and conveyances between Plaintiff, Defendant Burkholder and other Defendants. (*Id.*)   Thus, this Court concludes that the two complaints arise from the same set of factual circumstances.

The record also establishes that the prior federal action involved the same parties.  (*Id.*)  Both the present lawsuit and the first federal action were brought against the same Defendants:  Philip R. Burkholder, Harold A. Berge, Rose M. Berge, Cindy Lou Berge, and Steven Corson d/b/a Corson Law Firm, among others.  (*Id.*)

Nor can there be any dispute that Judge Davis's 2007 dismissal with prejudice was a final judgment on the merits.  A dismissal with prejudice—even where a case is dismissed with prejudice on a nonsubstantive ground, *e.g.* for lack of prosecution—operates as an adjudication on the merits entitled to preclusive effect.   *Johnson v. Hunter*, 447 N.W.2d 871, 873 (Minn. 1989); *Paun v. Dolphin Pools, Inc.*, No. Civ. 06-2318, 2008 WL 73633, at *3 (Minn. Ct. App. Jan. 8, 2008) (same) (citing *Johnson*, 447 N.W.2d at 873).

Finally, this Court is satisfied that the fourth res judicata element has been met:

> The question of whether a party had a full and fair opportunity to litigate a matter generally focuses on whether there were significant procedural limitations in the prior proceedings, whether the party had the incentive to litigate fully the issue, or whether effective litigation was limited by the nature or relationship of the parties.

*State v. Joseph*, 636 N.W.2d 322, 328 (Minn. 2001).  Nothing in the record indicates that there were any procedural limitations in Plaintiff's prior federal court proceedings.  On the contrary, the record makes clear that Plaintiff was represented by counsel, that he effectively litigated his claims, and that he willingly entered into a settlement agreement with Defendant Burkholder.

(Bromeland Aff., Ex. F.) Further, there is no evidence that Plaintiff's prior federal proceeding was limited by the nature or relationship of the parties. In sum, this Court concludes that Plaintiff had ample opportunity to litigate his claims in the prior federal proceeding and all the elements of res judicata are present. Accordingly, this Court recommends that Defendant Burkholder's motion for summary judgment be granted and this case be dismissed with prejudice.

## RECOMMENDATION

Based on the foregoing and all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendant Burkholder's Motion for Summary Judgment (Doc. No. 53), be **GRANTED**.


Date: April 5, 2011         *s/ Jeffrey J. Keyes*
                            JEFFREY J. KEYES
                            United States Magistrate Judge


Under Local Rule 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **April 19, 2011,** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within **fourteen days** after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within **ten days** of receipt of the Report.