UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

William H. Otis,

       Plaintiff,

v.                                                                Civil No. 10-2155 (JNE/JJK)
                                                               ORDER

Harold A. Berge, Rose M. Berge, Cindy
Lou Berge, Philip R. Burkholder, Steven
Corson d/b/a Corson Law Office, and
Others,

       Defendants.

Adopting a Report and Recommendation, the Court granted the motions to dismiss of Harold A. Berge, Rose M. Berge, Cindy Lou Berge, and Steven Corson on December 23, 2010. At that time, the Berges' crossclaim and William Otis's claims against Philip R. Burkholder were still pending. On January 18, 2011, Otis filed a notice of appeal that was mistakenly filed with the United States Court of Appeals for the Federal Circuit. The Federal Circuit returned the notice of appeal to the Clerk of Court. On March 9, 2011, the Clerk of Court sent the appeal to the United States Court of Appeals for the Eighth Circuit. In a Report and Recommendation issued approximately one month later, the magistrate judge recommended that Burkholder's motion for summary judgment be granted. The Court adopted that Report and Recommendation on May 23, 2011. Eight days later, the Court entered judgment dismissing this action with prejudice and dismissing the Berges' crossclaim as moot. On June 14, 2011, the Eighth Circuit ordered Otis to show cause why his appeal should not be dismissed for failure to prosecute. One month later, Otis moved for in forma pauperis status on appeal, and the Eighth Circuit forwarded the motion to this Court for a ruling. For the reasons set forth below, the Court denies Otis's motion for in forma pauperis status on appeal.

To qualify for in forma pauperis status on appeal, a litigant who appeals from a judgment in a civil action must submit information that demonstrates the litigant's inability to pay, or give security for, the appellate filing fees. 28 U.S.C. § 1915(a)(1) (2006). Even if the litigant is financially eligible to proceed in forma pauperis on appeal, the litigant may not appeal in forma pauperis if the district court "certifies in writing that [the appeal] is not taken in good faith." *Id.* § 1915(a)(3). Good faith in this context is judged by an objective standard rather than the subjective beliefs of the appellant. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). To determine whether an appeal is taken in good faith, a court must decide whether the claims to be decided on appeal are factually or legally frivolous. *Id.* An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Here, Otis's notice of appeal was premature, and it is not effective from the subsequently entered judgment. *See Dieser v. Cont'l Cas. Co.*, 440 F.3d 920, 923-26 & n.4 (8th Cir. 2006). Otis's appeal is frivolous. The Court denies his motion for in forma pauperis status on appeal.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. The Court certifies that Otis's appeal is not taken in good faith.

2. Otis's motion for in forma pauperis status on appeal [Docket No. 76] is DENIED.

Dated: July 18, 2011

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge